## ALLIED STORE UTILITIES CO. v. TEXAS SALES & SERVICE CO.

### No. 13002.

Court of Civil Appeals of Texas. Fort Worth.

May 18, 1934.

McNees & Roberts, of Dallas, for appellant.

L. H. Brittain and C. W. Goerte, both of Fort Worth, for appellee.

POWER, Justice.

This is a brokerage case for commission growing out of an alleged sale. Plaintiff's petition alleged, in substance, that the defendant by and through its agent contracted with plaintiff to sell certain personal property, describing said property in detail; that the defendant offered plaintiff 27 per cent. of the sale price as its commission for selling same; that said contract was accepted by plaintiff; and that plaintiff found a purchaser for said personal property whose place of business was in Tarrant county, Tex.

A statutory plea of privilege was filed by defendant asking that the cause of action be transferred to Dallas county, Tex.

Plaintiff filed a controverting affidavit, alleging, in substance, that the defendant is a foreign corporation with its principal office in the state of Missouri, and that said corporation is doing business in the state of Texas; that it has a permit to do business in this state; that the cause of action is a suit for commissions for selling certain goods belonging to defendant; that the suit was based upon a contract made in Tarrant county, Tex.; that the entire transaction was started and completed in Tarrant county, Tex.; that the sale of said goods was made in Tarrant county, Tex.; that the purchaser's place of business was in Tarrant county, Tex.; that the entire transaction from the making of the contract with plaintiff to sell certain goods as described in the petition was made with the defendant's agent in Tarrant county, Tex.; and that the cause of action accrued in Tarrant county, Tex. Plaintiff's petition was attached to the controverting affidavit and made a part thereof.

The defendant directed three exceptions to the controverting affidavit, as follows:

"Now comes Allied Store Utilities Company, defendant in the above entitled and numbered cause, and demurs generally to the plaintiff's controverting affidavit to the defendants' Plea of Privilege, filed on the 2nd day of May, 1933, and says the same is insufficient in law.

"Defendant specially excepts to paragraph two in plaintiff's controverting affidavit, for the reason that the same does not make a complete statement of facts constituting any cause of action against this defendant.

"(a) Defendant further excepts to paragraph two of plaintiff's controverting affidavit for the reason that the same as plead is a conclusion of facts and a conclusion of law on the part of the pleader, and is not a statement of facts constituting the plaintiff's cause of action, if any, and of this insufficiency defendant prays judgment of the court.

"Defendant specially excepts to paragraph three of the plaintiff's controverting affidavit, in that the same is a conclusion on the part of the pleader, and states no facts from which this conclusion is justified, and is contrary to the law in such cases made and provided, and of this insufficiency defendant prays judgment of the court."

The first exception is a general demurrer; the others are intended as special exceptions.

The court overruled all exceptions.

Subdivision 27 of article 1995, Rev. Statutes, provides: "Foreign corporations * * * doing business within this State, may be sued in any county where the cause of action or a part thereof accrued."

It appears to the court that the allegations of plaintiff's petition, when taken together with the allegations in the controverting affidavit, were sufficient to show that a part of the cause of action accrued in Tarrant coun-

630

ty. See opinion of Judge Fly in United Hay Co. v. Mueller-Huber Grain Co. (Tex. Civ. App.) 296 S. W. 985. In this connection it is held in Danciger v. Smith (Tex. Civ. App.) 286 S. W. 633, that a corporation which agreed with plaintiff that, if he found a purchaser of its oil on satisfactory terms, they would pay him an agreed commission, may be sued in the county wherein he found one who accepted the terms.

It appears to the court that the pleading as against the demurrers submitted and overruled, when considered on the venue and as applied to the statute cited, is sufficient, and that the court did not err in overruling the exceptions.

The judgment of the trial court is affirmed.